# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00567-CR

Esteban Zapata Garcia, Appellant

v.

The State of Texas, Appellee

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. B-07-0950-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING**

## MEMORANDUM OPINION

A jury found appellant Esteban Zapata Garcia guilty of possessing more than one gram but less than four grams of methamphetamine with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2003). The district court assessed punishment, enhanced by two previous felony convictions, at thirty-two years in prison. In a single point of error, appellant contends that he was denied his Sixth Amendment right to counsel of his choice. We overrule this contention and affirm the conviction.

Gerald Ratliff was originally appointed to represent appellant in this cause. In August 2007, Ratliff was permitted to withdraw and Galen Moeller was appointed to take his place. On September 10, Moeller filed a written appearance and a motion for notice of the State's intention to introduce evidence of extraneous bad acts. On September 20, Clint Harmon filed a written

appearance stating that he was appellant's attorney. Moeller was subsequently allowed to withdraw from the case, although it is not clear from the record when he did so.

The case was called for a pretrial hearing on December 4, 2007. Harmon did not appear and the hearing was reset for February 5, 2008. Harmon appeared on that date and informed the court that he had been retained to represent appellant. Appellant affirmed that Harmon was his chosen counsel. Harmon told the court that he would be filing a Brady motion and other motions in the case. The court entered a discovery order, and the required materials were delivered to Harmon by the State on February 7, 2008. On February 11, Harmon filed a handwritten motion to amend the jury summons to inform those summoned that they would be paid a fee. This is the last record of any involvement by Harmon in this cause.

The case was called for a second pretrial hearing on March 4, 2008. Harmon did not appear. At the State's request, Jimmy Stewart was appointed by the court to serve as appellant's co-counsel. The court's docket sheet reflects that appointed counsel appeared in court on appellant's behalf on March 12. Counsel was also present in court on April 16 and May 6, but the docket sheet does not identify the attorney.

Jury selection began on July 21, 2008. Stewart, but not Harmon, appeared for appellant. No continuance was requested and no explanation was offered for Harmon's absence. Jury selection was completed that morning. After lunch, and after Stewart told the court that he was ready for testimony to begin, this exchange between appellant and the court took place:

THE DEFENDANT: . . . I want to state for the record that my lawyer isn't here right now. We hired Mr. Clint Harmon out of Houston, Texas.[1]

THE COURT: Last I heard Mr. Harmon was in jail, Mr. Garcia, and Mr. Stewart was appointed to be your lawyer—

THE DEFENDANT: Co-counsel.

THE COURT: —and he is your lawyer.

THE DEFENDANT: He was appointed co-counsel.

THE COURT: It is noted and we are proceeding.

THE DEFENDANT: Okay. That's cool.

After the witnesses were sworn, Stewart told the court, "Your Honor, Mr. Garcia wants me to re-urge the objection of going forward without Mr. Harmon being here." The court responded, "That is denied. We are going forward." The court then recited the procedural history of the case, noting Harmon's repeated failures to appear and Stewart's appointment as co-counsel. The court continued:

> The court had been advised . . . that Mr. Harmon's license had been somehow suspended by the bar pending matters that need to be taken up. The Court has not been notified by the bar or by Mr. Harmon that he has got this matter taken care of.
>
> The Court also will note that the last time the Court heard, last week Mr. Harmon was in jail, so we are not going to wait for Mr. Harmon to get his matters taken care of. We are proceeding in this case.

After Stewart assured the court that he was ready to proceed, the jury was brought to the courtroom and the trial began.

---

[1] The record reflects that Harmon had a San Angelo address.

3

Following appellant's conviction, Stewart filed a motion for new trial urging, among other things, that appellant was forced to trial without his retained attorney of choice and with appointed counsel he had never requested. No affidavit from Harmon was attached to the motion, and Harmon did not appear at the hearing on the motion. No evidence was offered at the hearing, but counsel for the State did inform the court that Harmon "was arrested for various altercations in San Angelo" while this cause was pending, and that Harmon had told police officers, among other things, that he "has been on methamphetamine for an entire week." The prosecutor told the court that it was for these reasons that another district judge had appointed Stewart. It was the prosecutor's understanding that Harmon had abandoned the case following Stewart's appointment. The court overruled the motion for new trial after stating, "At the time [of trial] the Court was of the opinion that Mr. Harmon may have been in jail. He had been in jail very briefly prior to that . . . . So the Court felt that it was not practical to wait to allow a jury that had already been selected and impaneled and sworn to wait while we attempted to locate Mr. Harmon, and when we had adequate and very good counsel here . . . ."

The only other pertinent information before us is an affidavit signed by appellant's counsel on appeal and appended to his brief. The affidavit states that counsel was informed by the state bar that Harmon's license to practice was suspended from February 29 to May 22, 2008, and from September 2 to October 15, 2008. The affidavit also states that Tom Green County jail records reflect that Harmon was in custody on seven occasions, once in 2006, once in 2007, and the rest in

2008, the last being from July 7 to July 13. Thus, the affidavit reflects that Harmon was neither in jail nor suspended from practice at the time of appellant's trial on July 21 and 22, 2008.[2]

Appellant contends that he was denied his Sixth Amendment right to counsel of his choice.[3] The Sixth Amendment guarantees a defendant who does not require appointed counsel the right to be represented by a qualified attorney whom that defendant can afford to hire. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). If a defendant is deprived of this right, no showing of prejudice is required to make the violation complete. *Id*. at 146. The Sixth Amendment right to counsel of choice, however, is not absolute. A trial court has wide latitude in balancing the right to counsel of choice against the needs of fairness and the demands of its calendar. *Id*. at 151-52. The court also has an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them. *Id*. at 152.

Appellant argues that the trial court should not have simply assumed that Harmon was suspended from practice and/or in jail, but should have verified that information before proceeding to trial with appointed counsel over appellant's objection. Appellant argues that "[h]ad the court contacted Mr. Harmon, or allowed a brief recess for the Appellant to contact Mr. Harmon, the issue could have been easily resolved by allowing Mr. Harmon to come to the courthouse to represent his client, or by ordering his appearance." Appellant asserts that the trial court could have protected his

---

[2] Neither the prosecutor's statements to the trial court nor appellate counsel's affidavit constitute evidence. However, neither party has objected to our consideration of this information, which we accept at face value.

[3] Appellant also cites article I, section 10 of the Texas Constitution, but he does not contend that it is more protective of his rights than the Sixth Amendment. Appellant relies on Sixth Amendment case authority.

right to counsel of choice with "only a few minutes delay while Mr. Harmon traveled from his office to the courthouse." This argument asserts more than can reasonably be inferred from the record before us.

Harmon may not have been in jail or suspended from practice on the days of appellant's trial, but there is no evidence that he was in San Angelo or, if he was, that he was able and willing to try appellant's case. Harmon had also failed to appear for three scheduled pretrial hearings, and perhaps for two others, that were scheduled for times when Harmon was not in jail or suspended from practice. Given the trial court's knowledge of Harmon's personal difficulties, the record of Harmon's failures to appear for the earlier settings, and appellant's failure to object to Harmon's absence until after the jury had been selected and sworn, the trial court's decision to proceed to trial with appellant's qualified appointed attorney was well within its "wide latitude" in balancing the right to counsel of choice with the demands of its docket and its interest in the fair and orderly administration of justice. *See id*. No Sixth Amendment violation is shown.

The point of error is overruled, and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: August 18, 2009

Do Not Publish